1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND, | Case No.  1:16-cv-01732-AWI-SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| THOMAS C. HUNTON, et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY DEADLINE |

On November 16, 2016, Plaintiff Timothy Cleveland ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors..

## I.

## SCREENING REQUIREMENT

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).  In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain

1    statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).

2    Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

3    of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S.

4    662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

5          In reviewing the pro se complaint, the Court is to liberally construe the pleadings and

6    accept as true all factual allegations contained in the complaint.  <u>Erickson v. Pardus</u>, 551 U.S. 89,

7    94 (2007).  Although a court must accept as true all factual allegations contained in a complaint,

8    a court need not accept a plaintiff's legal conclusions as true.  <u>Iqbal</u>, 556 U.S. at 678.  "[A]

9    complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

10   short of the line between possibility and plausibility of entitlement to relief.'"  <u>Iqbal</u>, 556 U.S. at

11   678 (quoting <u>Twombly</u>, 550 U.S. at 557).  Therefore, the complaint must contain sufficient

12   factual content for the court to draw the reasonable conclusion that the defendant is liable for the

13   misconduct alleged.  <u>Iqbal</u>, 556 U.S. at 678.

14                                            **II.**

15                              **COMPLAINT ALLEGATIONS**

16         Plaintiff brings this action against Defendants Thomas Hunton, Oscar Gonzales, Carl

17   Martin-Ruiz, and Thomas Vilsack alleging violation of the Equal Credit Opportunity Act, 15

18   U.S.C. § 1691; the Administrative Procedures Act, 5 U.S.C. §§ 551 et seq.; Title VI of the Civil

19   Rights Act of 1964, 42 U.S.C. § 2000d; Executive Order 12898, and the Tucker Act, 28 U.S.C. §

20   1491, seeking to enjoin a final National Appeals Determination until an FSA Agency Position

21   Statement is included into the case record.  Plaintiff also seeks a determination that the

22   allegations in his complaint are appropriate to forward to the Federal Claims Court under the

23   Takings Clause of the Fifth Amendment.

24         Plaintiff alleges that the Farm Service Agency discriminated against him on the basis of

25   his race.  (Compl. 8,[1] ECF No. 1.)  The Court has combed through Plaintiff's complaint to

26   extract the factual allegations.

27   ─────────────────
     [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the
28   CM/ECF electronic court docketing system.

Plaintiff is African American and owns farm property in Eastern Kern County. (Compl. 9.) In 2007, Plaintiff founded Chocolate Equity Investments, Inc. with the objective of establishing an African American agricultural industry in Kern County. (Compl. 10.) Based upon the 2007 and 2012 Census, there is no information available on African American participation in agriculture. (Compl. 10.)

Thomas C. Hunton is a senior loan officer with the Farm Services Agency. (Compl. 8.) From 2010 to the present, Mr. Hunton processed loan applications from Plaintiff under Title 7 of the Federal Code of Regulations, section 764.51(b) and (c).[2] (Compl. 9.) Mr. Hunton refused to recognize program considerations for socially disadvantaged applicants stating the designation on the application form was for information collection. (Compl. 9.)

In 2009, Plaintiff was told that funding was not available to build his proposed agricultural management system. (Compl. 10.) This system was to provide access for African Americans residing in rural communities to manage rural farm locations. (Compl. 10.) After several failed attempts to obtain an operational farm loan from the United States Department of Agriculture ("USDA") Office in Bakersfield, Plaintiff contacted the Farm Services Agency and was informed by the District Director Nathan Maragoni that they do not "fund pie in the sky ideas." (Compl. 10.) Mr. Maragoni refused to allow Plaintiff to apply for a loan through the USDA Fresno Office. (Compl. 10.)

In 2013, Plaintiff filed a discrimination complaint to the USDA Office of the Assistant Secretary of Civil Rights. (Compl. 10.)

In 2014, Mr. Hunton approved a $15,000 budget as directed by the National Office. (Compl. 10.) In 2015, Mr. Hunton told Plaintiff that the National Office was liberal with its assessment in 2014 and that a decision had been made to do things the way they had previously been done. (Compl. 10.) On August 20, 2015, Mr. Hunton submitted an adverse decision related to Plaintiff's loan application for 2015. (Compl. 9.)

---

[2] Based upon the citation to 7 C.F.R. 764.51 the Court assumes that Plaintiff was applying for a loan through the Farm Loan Program which "is to provide supervised credit and management assistance to eligible farmers to become owners or operators, or both, of family farms, to continue such operations when credit is not available elsewhere, or to return to normal farming operations after sustaining substantial losses as a result of a designated or declared disaster." 7 C.F.R. § 761.1(c).

1     In December 2015, Plaintiff submitted another civil rights complaint to the Office of the

2  Assistant Secretary for Civil Rights.  (Compl. 10.)  After the National Appeals Division issued a

3  decision, on March 3, 2016, Carl Martin-Ruiz, Assistant Secretary for Civil Rights, disclosed

4  information obtained by Plaintiff's market research and alleged in his discrimination complaint

5  to the State Executive Director, Oscar Gonzales.  (Compl. 9.)  Mr. Ruiz advised Mr. Gonzales to

6  withhold any action related to the National Appeals Division determination until the civil rights

7  investigation was completed.  (Compl. 9.)  Due to the failure to act on the decision, Plaintiff was

8  deprived of his ability to use his land for agribusiness.  (Compl. 9.)

9     On April 12, 2016, Mr. Gonzales launched outreach initiatives targeting the African

10  American community which he stated was specifically the result of information obtained from

11  Plaintiff's market research which Plaintiff claims is proprietary information.  (Compl. 9.)

12     On August 4, 2016, Plaintiff told Mr. Hunton that he was intending to appeal the adverse

13  decision, and Mr. Hunton responded that they would not have to give Plaintiff a loan even if the

14  adverse decision was reversed.  (Compl. 10.)

15     The Court finds that the allegations in the complaint fail to state a cognizable claim for

16  relief.  Further, Plaintiff's allegations are too vague for the Court to decipher the basis of his

17  statutory claims.  Plaintiff shall be granted an opportunity to file an amended complaint to cure

18  the pleading deficiencies discussed below.

19  **III.**

20  **DISCUSSION**

21  **A.**    **Equal Credit Opportunity Act, 15 U.S.C. § 1691**

22     The Equal Credit Opportunity Act created a private right of action against a creditor who

23  discriminates against an applicant.  Shiplet v. Veneman, 620 F.Supp.2d 1203, 1223 (D. Mont.

24  2009), aff'd, 383 F. App'x 667 (9th Cir. 2010).  Pursuant to the Equal Credit Opportunity Act,

25  It shall be unlawful for any creditor to discriminate against any applicant, with
respect to any aspect of a credit transaction--

26  (1) on the basis of race, color, religion, national origin, sex or marital status, or
age (provided the applicant has the capacity to contract);

27  (2) because all or part of the applicant's income derives from any public assistance
program; or

28  (3) because the applicant has in good faith exercised any right under this chapter.

4

15 U.S.C. § 1691(a).   Under the statute a creditor is defined to include the "government or governmental subdivision or agency," therefore this section has been construed to constitute a waiver of the United States' sovereign immunity.  Shiplet, 620 F.Supp.2d at 1223.

While the Ninth Circuit has not addressed the elements required to state a claim for a violation of section 1691, the Court finds that Egbukichi v. Wells Fargo Bank, NA, __ F.Supp.3d __, 2016 WL 1618286 (D. Or. Apr. 22, 2016), a recent decision addressing the pleading standard properly found that at the pleading stage the statutory elements are required to state a claim. "[T]o state a claim for violations of [the Equal Credit Opportunity Act], a plaintiff must allege facts that plausibly suggest: (1) the plaintiff was a member of a protected class; (2) the plaintiff applied for credit from defendants; and (3) the plaintiff was denied credit on the basis of his or her protected class." Egbukichi, 2016 WL 1618286, at *6.

While Plaintiff has alleged the first two elements, Plaintiff's complaint is devoid of any factual allegations from which the Court could infer that his credit application was denied due to his membership in a protected class.  Iqbal, 556 U.S. at 678.  Plaintiff has failed to allege any facts to state a claim that he was denied funding because of his membership in a protected class. While allegations showing that a plaintiff was qualified to receive credit and was denied despite the qualification could suggest a discriminatory motive, Egbukichi, 2016 WL 1618286 at *6, there are no such allegations here.  Rather, the complaint suggests that the purpose of Plaintiff's request was considered to be a "pie in the sky" idea.  (Compl. 10.)  Plaintiff did receive funding in 2014, but in 2015 the decision was made to revert to the prior guidelines on funding projects. (Compl. 10.)  These allegations do not suggest that the reason Plaintiff was denied credit was because of his race.  Plaintiff fails to state a cognizable claim for discrimination in violation of the Equal Credit Opportunity Act.

### B.   Administrative Procedures Act, 5 U.S.C. §§ 551 et seq.

The Administrative Procedures Act's comprehensive provisions for judicial review of "agency actions" which are contained in 5 U.S.C. §§ 701-706 provide that "any person who is 'adversely affected or aggrieved' by agency action; including a 'failure to act,' is entitled to 'judicial review thereof,' as long as the action is a 'final agency action for which there is no other

1  adequate remedy in a court[.]' " Heckler v. Chaney, 470 U.S. 821, 828 (1985).

2        Based upon the citation to 7 C.F.R. 764.51 the Court assumes that Plaintiff was applying

3  for a loan through the Farm Loan Program which "is to provide supervised credit and

4  management assistance to eligible farmers to become owners or operators, or both, of family

5  farms, to continue such operations when credit is not available elsewhere, or to return to normal

6  farming operations after sustaining substantial losses as a result of a designated or declared

7  disaster." 7 C.F.R. § 761.1(c). To the extent that Plaintiff is seeking review of the decision to

8  deny him a loan, "[a] decision made by the lender adverse to the borrower is not a decision by

9  the Agency, whether or not concurred in by the Agency, and may not be appealed." 7 C.F.R. §

10 762.104(a). Since the decision to deny the loan is not an agency decision it would not be

11 reviewable under the Administrative Procedures Act.

12       To the extent that the decision by the National Appeals Division is reviewable, Plaintiff

13 has failed to show that there has been a final agency decision that is adverse to him for this Court

14 to review. While Plaintiff filed a discrimination complaint to the USDA Office of the Assistant

15 Secretary of Civil Rights in 2013, the complaint fails to state the result of the appeal. (Compl.

16 10.) In December 2015, Plaintiff submitted another civil rights complaint to the Office of the

17 Assistant Secretary for Civil Rights, however that appeal appears to be still pending. (Compl. 9,

18 10.)

19       **C.**    **Tucker Act, 28 U.S.C. § 1491**

20       The federal government is entitled to sovereign immunity and the federal government or

21 its agencies cannot be sued without its consent. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994);

22 United States v. Navajo Nation, 556 U.S. 287, 289 (2009). The Tucker Act does not create

23 substantive rights, but is simply a jurisdictional provision that waives sovereign immunity for

24 claims based on other sources of law. Navajo Nation, 556 U.S. at 290.

25       Here, Plaintiff is invoking section 1491 which provides that "[t]he United States Court of

26 Federal Claims shall have jurisdiction to render judgment upon any claim against the United

27 States founded either upon the Constitution, or any Act of Congress or any regulation of an

28 executive department, or upon any express or implied contract with the United States, or for

liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491.  In his request for relief, Plaintiff seeks a determination that the allegations in his complaint are appropriate to forward to the Court of Federal Claims.

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act.  The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.' "  United States v. Mitchell, 463 U.S. 206, 216–17 (1983) (citations omitted).  The Court of Appeals for the Federal Circuit has identified three types of monetary claims over which the United States Court of Federal Claims has jurisdiction: 1) "claims alleging the existence of a contract between the plaintiff and the government;" 2) "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum[;]" and 3) where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury."  Veasey v. United States, 122 Fed.Cl. 584, 590 (2015) (citations omitted).  This third type of claim requires that "the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum."  Veasey, 122 Fed.Cl. at 590 (citations omitted).  To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "can fairly be interpreted as mandating compensation by the Federal Government."  Id. (citations omitted).

The complaint does not include any allegations from which the Court could conclude that any of the three types of monetary claims over which the Court of Federal Claims has jurisdiction are at issue here.  Liberally construing the complaint, Plaintiff received a loan or grant for 2014 and his application for 2015 was denied.  Therefore, no facts are alleged to show that Plaintiff is suing to obtain compensation based upon a contract between himself and the government.  Plaintiff has not alleged that he has paid to the government any money that he is seeking to have returned.  Finally, while Plaintiff is seeking to have the government pay him monies under the Farm Loan Program, he has not shown that he has a right to a certain sum.  While the complaint alleges that Plaintiff is seeking some type of funding from the government,

7

the complaint fails to identify any statue or provision of law that would mandate that the Government provide him with funding or that he is entitled to a certain sum from the government.  Plaintiff fails to state a cognizable claim under the Tucker Act.

### D.        Fifth Amendment Takings Clause

Plaintiff seeks for the Court to determine that Plaintiff's complaint states a claim under the takings clause of the Fifth Amendment to invoke the jurisdiction of the Court of Federal Claims.  The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation.   The Takings Clause of the Fifth Amendment "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole."  Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted).

Plaintiff's complaint does not contain allegations that the Government took Plaintiff's property for public use.  Even if Plaintiff received funding in 2014, the allegations in the complaint are too vague for the Court to conclude that he was entitled to funding beyond 2014. Contrarily, based on the allegations in the complaint, requests for funding were submitted on a yearly basis and each year required a separate determination on whether funding would be approved.  Accordingly, Plaintiff fails to state a cognizable claim for violation of the Takings Clause of the Fifth Amendment.

### E.        Executive Order 12898

Plaintiff brings this action for violation of Executive Order 12898.  Executive Order 12898 specifically provides "[t]his order is intended only to improve the internal management of the executive branch and is not intended to, nor does it create any right, benefit, or trust responsibility, substantive or procedural, enforceable at law or equity by a party against the United States, its agencies, its officers, or any person.  This order shall not be construed to create any right to judicial review involving the compliance or noncompliance of the United States, its agencies, its officers, or any other person with this order."  Federal Actions To Address Environmental Justice in Minority Populations and Low-Income Populations, 59 FR 7629, 7632-

33 (Feb. 11, 1994). Executive Order 12898 does not create a private right of action. Coliseum Square Ass'n, Inc. v. Jackson, 465 F.3d 215, 232 (5th Cir. 2006); Latin Americans for Soc. & Econ. Dev. v. Adm'r of Fed. Highway Admin., 756 F.3d 447, 465 (6th Cir. 2014), cert. denied sub nom. Detroit Int'l Bridge Co. v. Nadeau, 135 S. Ct. 1411 (2015). Therefore, Plaintiff may not bring a claim in this action based upon violation of Executive Order 12898.

**E.  Racial Discrimination Claim**

Finally, it appears that the basis of the claims raised in the complaint is that Plaintiff was discriminated against because of his race and/or social disadvantage.

1.  Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d

Plaintiff states that the allegations in the complaint violate Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Title VI was enacted under Congress's power under the Spending Clause of the United States Constitution to place conditions on the grant of federal funds. Barnes v. Gorman, 536 U.S. 181, 185 (2002). The Supreme Court has characterized Title VI "much in the nature of a contract: in return for federal funds, the [recipients] agree to comply with federally imposed conditions." Barnes, 536 U.S. 181, 186 (2002).

Pursuant to 42 U.S.C. § 2000d, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." A "program or activity" is defined as an agency of a State or a local government that is extended Federal financial assistance. 42 U.S.C. § 2000d-4a. Courts have held that Title VI does not create a cause of action against the federal government or waive the government's sovereign immunity. Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 191 (4th Cir. 1999); Dorsey v. U.S. Dep't of Labor, 41 F.3d 1551, 1555 (D.C. Cir. 1994); Thompson v. U.S. Dep't of Hous. & Urban Dev., 348 F.Supp.2d 398, 423 (D. Md. 2005). Accordingly, as Plaintiff's claims here are against agencies of the United States government, they are not cognizable under 42 U.S.C. § 2000d.

2.  Bivens Action

Plaintiff brings this action under Bivens, 403 U.S. 388, which recognized a private action

1  where federal officers are alleged to have violated the constitutional rights of citizens.

2  Correctional Services Corporation v. Malesko, 534 U.S. 61, 66 (2001)  A Bivens action will not

3  lie against the United States, agencies of the United States, or federal agents in their official

4  capacity.  See Meyer, 510 U.S. at 486.  Plaintiff's only remedy for an alleged constitutional

5  violation is against the individual official.  Malesko, 534 U.S. at 72.  In determining whether a

6  Bivens action may proceed against a federal employee, the court must determine "whether the

7  agent is amenable to suit, and whether a damages remedy is available for a particular

8  constitutional violation absent authorization by Congress."  Hui v. Castaneda, 130 S. Ct. 1845,

9  1852 (2010).

10       The Equal Protection Clause requires that all persons who are similarly situated should be

11  treated alike.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v.

12  Cleburne Living Center, 473 U.S. 432, 439 (1985).  An equal protection claim may be

13  established by showing that the defendant intentionally discriminated against the plaintiff based

14  on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington,

15  152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated

16  differently without a rational relationship to a legitimate state purpose, Thornton v. City of St.

17  Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564

18  (2000).

19       To state a claim under Section 1981, "a plaintiff must establish that (1) he or she is a

20  member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the

21  basis of race by the defendant; and (3) the discrimination concerned one or more of the activities

22  enumerated in the statute (i.e., the right to make and enforce contracts, sue and be sued, give

23  evidence, etc.)."  Peterson v. State of California Dept. of Corrections and Rehabilitation, 451

24  F.Supp.2d 1092, 1101 (2006) (internal citations omitted).

25       Similar to a violation of equal protection, to prevail on a Section 1981 claim, Plaintiff

26  must "prove as an element of the cause of action some racial or perhaps otherwise class-based,

27  invidiously discriminatory animus behind the [official's] action."  Dennis v. Thurman, 959

28  F.Supp. 1253 (C.D. Cal. 1997) (internal punctuation and citations omitted); Hispanic Taco

Vendors of Washington v. City of Pasco, 790 F.Supp. 1023, 1031 (E.D. Wash. 1991). Section 1981 can only be violated by purposeful discrimination. General Bld. Contractor's Ass'n, Inc., v. Pennsylvania, 458 U.S. 375, 391 (1982).

Plaintiff fails to state a cognizable claim for an equal protection or section 1981 violation for the reasons discussed at III.A. above. The complaint does not include any factual allegations from which the Court could reasonably conclude that any named defendant denied discriminated against Plaintiff based on his race.

**F.    Amended Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff shall be provided with an opportunity to file an amended complaint to correct the deficiencies identified herein.

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). Further, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b).

In filing his amended complaint, Plaintiff shall set forth for each claim sufficient facts for the Court to determine the nature of the claim. Further, while detailed factual allegations are not required, Plaintiff must provide sufficient factual allegations by which the Court can reasonably conclude that the named defendant has violated Plaintiff's federal rights.

The Court finds that Plaintiff's current complaint appears to generally be based upon Plaintiff's allegation of racial discrimination. In his amended complaint, Plaintiff needs to be

1  clear on the specific claims that he is seeking to litigate in this action and the factual allegations

2  to establish each claim.  Further, Plaintiff must link each Defendant to the specific acts or failure

3  to act that he alleges violates his federal rights.

**IV.**

**CONCLUSION AND ORDER**

6        For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may

7  be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll

8  v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this

9  suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,

10  607 (7th Cir. 2007) (no "buckshot" complaints).

11        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

12  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

13  rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus

14  on the duties and responsibilities of each individual defendant whose acts or omissions are

15  alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th

16  Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

17  right to relief above the speculative level . . ."  Twombly, 550 U.S. at 555 (citations omitted).

18        Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,

19  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

20  and must be "complete in itself without reference to the prior or superseded pleading," Local

21  Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an

22  amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers &

23  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

24        Based on the foregoing, it is HEREBY ORDERED that:

25       1.    Plaintiff's complaint, filed November 16, 2016, is dismissed for failure to state a

26            claim;

27       3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file

28            an amended complaint; and

1    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

2          action will be dismissed for failure to state a claim.

3

IT IS SO ORDERED.

4

5    Dated:    **December 16, 2016**

                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28