# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THOMAS C. HUNTON, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01732-AWI-SAB<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 10)<br><br>THIRTY DAY DEADLINE |

On November 16, 2016, Plaintiff Timothy Cleveland ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (ECF No. 1.) On December 19, 2016, the complaint was screened and dismissed for failure to state a claim. (ECF No. 6.) Plaintiff was granted leave to file an amended complaint within thirty days. On January 25, 2017, Plaintiff filed a first amended complaint which was stricken from the record because it was not signed. (ECF Nos. 7, 8.) Currently before the Court is Plaintiff's first amended complaint, filed February 2, 2017. (ECF No. 10.)

///

///

///

# I.

## SCREENING REQUIREMENT

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

# II.

## DISCUSSION

The factual allegations in the first amended complaint are too vague to state a cognizable claim that any named defendant violated Plaintiff's federal rights. Plaintiff states that he is an African American and brings this action against Defendants Thomas Vilsack, Thomas Hunton, Oscar Gonzales, and Carl Martin-Ruiz. The first amended complaint alleges claims for violations of the Equal Credit Opportunity Act, the Administrative Procedures Act, and Title VI

of the Civil Rights Act of 1964.

### A.     Equal Credit Opportunity Act

Plaintiff contends that Defendant Hunton, who is a Farm Service Agency Senior Loan Officer, knew or should have known that the term of the loan may exceed 18 months in unusual situations. (First Am. Compl. at 1.) Defendant Hunton told Plaintiff that the regulations only allowed a maximum of 18 months for loan terms. (First Am. Compl. at 1.) In processing Plaintiff's application, Defendant Hunton entered that land value was zero. (First Am. Compl. at 1.) Based on the allegations in the complaint, it appears that Plaintiff applied for and may have received some type of loan through the Farm Service Agency.

Plaintiff contends that Defendant Gonzales was negligent for failing to act following final determination on March 2016 by National Appeals Division ("NAD") Administrative Law Judge Justin Oliver that the FSA adverse decision was erroneous. (First Am. Compl. at 1.) However, Plaintiff does not plead any facts to indicate that there was any adverse decision. Plaintiff also contends that Defendant Gonzalez declined any discussion of the 2016 NAD final determination stating that "whoever my replacement is from the new administration will handle the issue" and asserts that he continues to be deprived of an opportunity to participate in USDA programs and benefits. (First Am. Compl. at 1.)

Plaintiff alleges a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, which provides that it is illegal to discriminate against an applicant with respect to a credit application. 15 U.S.C. § 1691(a). However, while it appears Plaintiff may have applied for some type of credit, the complaint is devoid of any allegations sufficient to infer discrimination in respect to his application.

### B.     Title VI of the Civil Rights Act of 1964

Plaintiff alleges that the allegations in his complaint "support" three kinds of discrimination: disparate treatment, disparate impact, and retaliation.

Plaintiff filed a micro application loan in 2014 and 2015. (First Am. Compl. at 2.) Defendant Hunton objected to Plaintiff's USDA program classification as a social disadvantaged and limited resources applicant. (First Am. Compl. at 2.) Defendant Hunton entered false and

1  misleading data related to Plaintiff's farm operation and available benefits for socially
2  disadvantaged farmers.  (First Am. Compl. at 2.)  Plaintiff alleges that the office of Defendant
3  Vilsack was negligent and failed to investigate although it is unclear what Plaintiff believes
4  should have been investigated.  (First Am. Compl. at 2.)

5  Plaintiff contends that there was discrimination in the California USDA Specialty Crop
6  Block Grant Program and failure to implement corrective action related barriers against African
7  American participation in USDA programs in Kern County California.  (First Am. Compl. at 2.)
8  Plaintiff states that the USDA failed to perform substantive pre-award and post-award reviews
9  from 2012 through 2016 that awards are equitably promoted and distributed to all groups.  (First
10 Am. Compl. at 2.)

11 Plaintiff saw a USDA 2007 and 2012 census for agriculture that indicated there is no
12 African American participation in Kern County which ranks number 2 in agriculture for the
13 United States. (First Am. Compl. at 3.)  Plaintiff contends this is an example of USDA disparity
14 impact that is adverse to the African American community.  (First Am. Compl. at 3.)

15 Defendant Nathan Maragoni is Defendant Hunton's immediate supervisor and failed to
16 implement a policy in 2013 after Plaintiff made complaints to the Fresno office about Defendant
17 Hunton.  (First Am. Compl. at 3.)  Mr. Oosterman and Defendant Maragoni declined to have
18 Plaintiff's applications processed by the Fresno office at his request when he complained about
19 Defendant Hunton.  (First Am. Compl. at 3.)

20 In December 2015, Plaintiff submitted a civil rights complaint to the Office of the
21 Assistant Secretary of Civil Rights which resulted in a finding that there was no discrimination.
22 (First Am. Compl. at 3.)  Plaintiff alleges that Defendant Carl Martin-Ruiz and the civil rights
23 department failed to investigate.  (First Am. Compl. at 3.)

24 Initially, for each form of relief sought in federal court, Plaintiff must establish standing.
25 Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert.denied, 131 S. Ct. 503 (2010).
26 This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete
27 and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it
28 must be fairly traceable to challenged conduct of the defendant; and it must be likely that a

4

favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted). In order to state a claim in this action, Plaintiff must set forth factual allegations to show that he has been harmed by the acts or failure to act of the defendants. Plaintiff's allegations regarding lack of African American participation is insufficient to establish that he has standing to bring claims in this action.

Pursuant to 42 U.S.C. § 2000d, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." A "program or activity" is defined as an agency of a State or a local government that is extended Federal financial assistance. 42 U.S.C. § 2000d-4a. Courts have held that Title VI does not create a cause of action against the federal government or waive the government's sovereign immunity. Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 191 (4th Cir. 1999); Dorsey v. U.S. Dep't of Labor, 41 F.3d 1551, 1555 (D.C. Cir. 1994); Thompson v. U.S. Dep't of Hous. & Urban Dev., 348 F.Supp.2d 398, 423 (D. Md. 2005).

The Court takes judicial notice that the Farm Service Agency is an agency of the United States Department of Agriculture. See United States Department of Agriculture, Farm Services Agency website located at https://www.fsa.usda.gov/. Plaintiff's claims against agencies of the United States government are not cognizable under 42 U.S.C. § 2000d.

**C.    Administrative Procedures Act, 5 U.S.C. §§ 551 et seq.**

Finally, Plaintiff brings this action under the Administrative Procedures Act which provides that "any person who is 'adversely affected or aggrieved' by agency action; including a 'failure to act,' is entitled to 'judicial review thereof,' as long as the action is a 'final agency action for which there is no other adequate remedy in a court[.]' " Heckler v. Chaney, 470 U.S. 821, 828 (1985). However, since the first amended complaint has not identified any agency action by which he has been adversely affected, Plaintiff fails to state a cognizable claim under the Administrative Procedures Act.

Further, as Plaintiff was previously informed in December 19, 2016 order dismissing his

5

1 complaint with leave to amend, "[t]o the extent that Plaintiff is seeking review of the decision to
2 deny him a loan, "[a] decision made by the lender adverse to the borrower is not a decision by
3 the Agency, whether or not concurred in by the Agency, and may not be appealed." 7 C.F.R. §
4 762.104(a).

### D. Leave to Amend

The Court shall provide Plaintiff with **one final opportunity** to file an amended complaint. If Plaintiff decides to file an amended complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

In other words, Plaintiff is advised that in order to state a claim he must state the act or failure to act by each defendant that violated his federal rights. Plaintiff's conclusory allegations of wrongdoing are insufficient to state a claim for relief and any amended complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

### III.

### CONCLUSION AND ORDER

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Plaintiff shall be granted one final opportunity to file an amended complaint and is referred to the December 19, 2016 order dismissing his complaint with leave to amend for the legal standards

that appear to apply to the claims in this action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed February 2, 2017, is dismissed for failure to state a claim;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 8, 2017**

UNITED STATES MAGISTRATE JUDGE