UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS C. HUNTON, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01732-AWI-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN DEFENDANTS AND CLAIMS<br><br>(ECF Nos. 13, 14) |

On November 16, 2016, Plaintiff Timothy Cleveland ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (ECF No. 1.) On March 14, 2017, Plaintiff filed a second amended complaint which was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 27, 2017, the magistrate judge filed a findings and recommendations. The findings and recommendations recommended dismissing certain claims and defendants from this action for Plaintiff's failure to state a claim. The findings and recommendations was served on Plaintiff and contained notice that any objections to the findings and recommendations were to be filed within thirty (30) days from the date of service. On April 17, 2017, Plaintiff filed objections to the findings and recommendations.

1

In his objections, Plaintiff requests appointment of counsel. Generally, a plaintiff in a civil action does not have a constitutional right to appointed counsel. Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989). The court has discretion to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell, 935 F.2d at 1017 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)); Johnson v. U.S. Dep't of Treasury, 939 F.2d 820, 823 (9th Cir. 1991). (considering plaintiff's financial resources, efforts the plaintiff has made to obtain counsel, and the merits of plaintiff's claims in determining whether to appoint counsel.)

Plaintiff has demonstrated that he does not have the financial resources to obtain counsel as he is proceeding in forma pauperis in this action.

Plaintiff has not demonstrated that he has taken reasonable steps to obtain counsel. While Plaintiff states that he made reasonable attempts to acquire counsel through the attorney search network of the California Bar Association, his conclusory allegation that no lawyers have experience applicable to the issues in this case does not demonstrate an actual attempt to obtain counsel. Plaintiff appears to have contacted law schools which did not respond to his requests, and a firm in Arkansas offered limited assistance if the case moves forward. However, Plaintiff has not shown that reasonable efforts were made to obtain representation in the geographic area in which he resides, or that any attorney has refused to accept his case.

In this action, the magistrate judge found that Plaintiff had stated a claim for declaratory relief against Defendant Hunton on his Administrative Procedure Act claim regarding the decision to accelerate his 2014 loan. A finding that Plaintiff has stated a claim does not demonstrate that Plaintiff is likely to prevail on the merits of his claim. At screening, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The magistrate judge's finding that some of the complaint's causes of action comply with Rule 8(a) is merely a judicial finding that Plaintiff has set forth sufficient factual allegations, if accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. at 678 (2009). Such a finding is far different than a finding that there is reasonable cause to believe that the plaintiff will win on the merits of his claim that the Farm Services Agency improperly accelerated his 2014 loan. At this stage of the proceedings, the Court cannot conclude that Plaintiff is likely to prevail on the merits of his claim.

Finally, the Court finds that Plaintiff appears quite capable of pursuing this action pro se. Plaintiff's complaint demonstrates his ability to conduct legal research and articulate his claims. The Court does not find that exceptional circumstances exist to appoint counsel in this action.

Based upon a review of the factors to be considered, Plaintiff's motion for appointment of counsel is denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Plaintiff's objections provide no reason for departure.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED;
2. The findings and recommendations, filed March 13, 2017, is ADOPTED IN FULL;
3. This action shall proceed against Defendant Hunton in his official capacity for declaratory relief on Plaintiff's Administrative Procedures Act claim regarding the decision to accelerate his 2014 loan;
4. The following claims are DISMISSED without leave to amend for failure to state a claim:
    a. Plaintiff's Administrative Procedures Act claim based on the denial of his application for a loan;

3

        b.        Plaintiff's claims for violation of the Takings Clause of the Fifth Amendment, the Equal Credit Opportunity Act, Title VI of the Civil Rights Act of 1964, Executive Order 12875 and 12898, the Tucker Act, and National Environmental Policy Act; and

        c.        Defendants Thomas Vilsack, Oscar Gonzales, and Carl Martin-Ruiz are dismissed from this action; and

5.        This action is referred to the magistrate judge to initiate service of the second amended complaint.

IT IS SO ORDERED.

Dated: April 25, 2017

_____
SENIOR DISTRICT JUDGE

4