# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS C. HUNTON, et al.,<br><br>  Defendants. | Case No. 1:16-cv-01732-AWI-SAB<br><br>ORDER DENYING OBJECTION CONSTRUED AS MOTION FOR RECONSIDERATION OF DENIAL OF APPOINTMENT OF COUNSEL<br><br>(ECF No. 17)<br><br>JUNE 15, 2017 DEADLINE |

**I.**

**BACKGROUND**

On November 16, 2016, Plaintiff Timothy Cleveland ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed a second amended complaint on March 14, 2017, which the magistrate judge screened and found stated a claim against Defendant Hunton in his official capacity for declaratory relief on Plaintiff's Administrative Procedures Act claim regarding the decision to accelerate a loan he received in 2014. (ECF No. 13.) The findings and recommendations recommended dismissing all other defendants and claims from this action. (<u>Id.</u>)

Plaintiff filed objections to the findings and recommendations on April 17, 2017. (ECF

1

No. 14.) In his objections, Plaintiff sought appointment of counsel in this action. (Id.) On April 26, 2017, this Court issued an order adopting the findings and recommendations and denying the motion for appointment of counsel. (ECF No. 15.) On April 28, 2017, an order issued directing the Clerk of the Court to forward the necessary service documents to Plaintiff and for him to return them within thirty days. (ECF No. 16.) On May 25, 2017, Plaintiff filed objections to the order adopting the findings and recommendations. (ECF No. 17.) Plaintiff objects to the order denying his request for appointment of counsel and seeks an order compelling discovery. The Court shall construe Plaintiff's objection as a motion for reconsideration of the denial of appointment of counsel in this action.

## II.

## LEGAL STANDARD

Under Rule 60(b) of the Federal Rules of Civil Procedure, a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal punctuation and citations omitted).

Requests for reconsideration are also governed by Local Rule 230(j) which provides that a party seeking reconsideration must set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other

grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion."

## III.

## DISCUSSION

### A. Appointment of Counsel

In his objection, Plaintiff states that the magistrate judge found that he failed to state a claim under the Equal Credit Opportunity Act and the Tucker Act and that his claim against the agencies and employees of the United States were not cognizable under 42 U.S.C. § 2000d. Plaintiff contends that in denying Plaintiff's motion for appointment of counsel, the Court found that Plaintiff appears to be quite capable of pursing this action pro se and his complaint demonstrates his ability to conduct legal research and articulate his claims. Plaintiff argues that the undersigned acted in error and contradictory to the opinions of the magistrate judge in denying his motion for appointment of counsel.

The fact that Plaintiff failed to state a cognizable claim does not demonstrate that Plaintiff is unable to pursue this action pro se or is not capable of adequately conducting legal research or articulating his claims. Plaintiff's pleadings demonstrate his ability to conduct research and apply such research to the facts in this action. That Plaintiff incorrectly applies or argues the law is not demonstrative of a lack of ability to proceed pro se. The Court frequently deals with cases in which counsel incorrectly argues or applies the law to the facts of a particular case. Review of the pleadings in this instance shows that Plaintiff has the ability to articulate his claims, conduct legal research, and make legal arguments. The fact that Plaintiff failed to state a cognizable claim does not contradict these findings.

Plaintiff contends that on March 16, 2016, the Office of Adjudication, Program Investigation Division received his complaint against the Farm Services Agency which contained prima facie evidence that Defendant Hunton violated California Penal Code 597 and since there is a criminal element to his complaint it would violate Plaintiff's rights to due process if he is denied counsel. Even if criminal charges were brought against Defendant Hunton, it would not affect Plaintiff's constitutional right to counsel in this action. This is a civil action, not a

3

criminal action, therefore, Plaintiff does not have a constitutional right to appointed counsel. Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989). Further, if criminal charges were brought against Defendant Hunton based on the same allegations that have brought in this action it would provide no right of counsel for Plaintiff.

Plaintiff also argues that he is employed out of state, his requests for information from Government attorneys has been denied as the information he seeks has been deemed confidential, and his use of a public library computer is time sensitive. However, even accepted as true these issues do not demonstrate that exceptional circumstances exist in this action to necessitate the appointment of counsel in this action. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff's circumstance is similar to numerous other litigants which the Court encounters every day. Plaintiff is adequately able to articulate his claims and as discussed in the April 26, 2017 order, at this stage in the proceedings, the Court cannot conclude that Plaintiff is likely to proceed on the merits of his claim.

Plaintiff has failed to demonstrate that any grounds exist to grant his request for reconsideration of the order denying appointment of counsel in this action. Plaintiff's motion for reconsideration of the denial of appointment of counsel is denied.

**B.     Motion to Compel Discovery**

Plaintiff also requests discovery[1] and seeks an order directing OASCR investigator Paulette Keefer, U.S. Department of Agriculture, Office of the Assistant Secretary for Civil Rights, Program Compliance to provide an agency position statement from the Farm Services Agency and chronological OASCR details of the actions taken since an investigator was assigned to his case.

Discovery in this action, to the extent that it is relevant and allowed, will be governed by the Federal Rules of Civil Procedure. In this action, after the defendant is served and files an answer, a scheduling order will issue establishing the dates by which all discovery must be completed. At this time, Defendant has not been served and discovery is not open. See Fed. R.

---

[1] Plaintiff seeks discovery under Rule 56(f). Rule 56 of the Federal Rules of Civil Procedure applies to motions for summary judgment. The Court assumes that this is a typographical error and that Plaintiff is seeking discovery under Rule 26(f).

4

Civ. P. 26(f). Further, prior to moving for an order compelling discovery, Plaintiff will be required to attempt to obtain discovery in this action from the defendant. Only where a party has requested discovery and the responding party fails to adequately respond will the Court consider a motion to compel.

## IV.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the order adopting which is construed as a motion for reconsideration is DENIED;
2. Plaintiff shall submit service documents as required by the April 28, 2017 order on or before June 15, 2017; and
3. If Plaintiff fails to submit service documents in compliance with this order, this action may be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   May 30, 2017                      _____
                                            SENIOR DISTRICT JUDGE