UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS C. HUNTON, et al.,<br><br>    Defendants. | CASE NO. 1:16-cv-01732-AWI-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND TERMINATING THIS ACTION**<br><br>**(Docs. 26, 29.)** |

## I. Introduction

Plaintiff Timothy Cleveland ("Plaintiff") initiated this action on November 16, 2016. Doc. 1. He proceeds pro se and in forma pauperis on one remaining claim alleged in his Second Amended Complaint. Plaintiff alleges that he obtained a micro loan from the United States Department of Agriculture ("USDA") in 2014 in the amount of $15,000.00 to develop a poultry farm. Plaintiff failed to repay the loan term, eighteen months. He contends that he may have been entitled to a longer loan term. Defendant Hunton, the Farm Loan Manager in Bakersfield, California, accelerated the loan. Plaintiff sought review of the acceleration determination to the National Appeals Division ("NAD"). The Administrative Law Judge ("ALJ") agreed with the acceleration decision. Plaintiff's remaining claim is that the Administrative Procedures Act ("APA") was violated by the acceleration decision and ALJ's determination.

Defendants move to dismiss this action, arguing that Plaintiff seeks review of a non-final

1

determination. Namely, the ALJ's decision was not a final agency determination. Plaintiff filed no opposition. For the following reasons, Defendants' motion will be granted.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015); *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986), "allegations that contradict matters properly subject to judicial notice," or material attached to or incorporated by reference into the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents incorporated by reference, or by judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

## III. Discussion

Final determinations from decisions of the NAD are reviewable by district courts in accordance with the provisions of the APA. 7 U.S.C. § 6999. Agency determinations are not final until the party seeking review "has exhausted all administrative remedies expressly prescribed by statute or agency rule." *Darby v. Cisneros*, 509 U.S. 137, 146 (1993); *see* 5 U.S.C. § 704. The non-existence of a final determination is an affirmative defense to an action seeking review of USDA lending decisions. 7 U.S.C. § 6912(e) ("[A] person shall exhaust all administrative appeal procedures … before the person may bring an action ... against the Secretary, the Department, or any agency, office, officer, or employee of the Department."); *see*

*McBride Cotton and Cattle Corp. v. Veneman*, 290 F.3d 973, 980 (9th Cir. 2002) (holding that the exhaustion requirement is not a jurisdictional limitation); *see also Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Service*, 61 F.Supp.3d 1013, 1077 (D.N.M. 2014) ("[T]he growing consensus of Courts of Appeals [agree] that § 6912(e) is not jurisdictional but rather is an affirmative defense.")[1] When an action pursuant to section 6999 is brought prior to exhaustion of required administrative remedies, the action is appropriately dismissed without prejudice, pending final determination by the USDA of the propriety of the agency action. *Jarita Mesa Livestock Grazing Ass'n*, 61 F.Supp.3d at 1120.

Plaintiff initiated this action on November 16, 2016. Plaintiff's claim, as set forth in his SAC, is premised on the allegation that NAD ALJ Pyrz concluded that the loan acceleration decision by the Farm Services Agency of the USDA was not erroneous. Plaintiff does not allege the date of that determination. Defendants submit a copy of a June 5, 2017, director level review determination arising from Plaintiff's administrative appeal of ALJ Pyrz's determination. Doc. 26-2 at 5-8. That determination is appropriately judicially noticed.[2] That document indicates that, even assuming ALJ Pyrz's determination took place prior to Plaintiff filing suit,[3] Plaintiff did not exhaust all administrative remedies prescribed by agency rule prior to filing suit. 7 C.F.R. § 11.9(a). In fact, Plaintiff's operative complaint also pre-dates the final agency decision. Accordingly, Defendants are correct that Plaintiff's filed this action prior to issuance of the USDA's final determination within the meaning of 7 U.S.C. § 6999, and prior to exhaustion of all administrative appeal procedures within the meaning of 7 U.S.C. § 6912(e). On that basis,

---

[1] The language of section 6912(e) is similar to the language of the exhaustion requirement of the Prisoner Litigation Reform Act. *Ace Property and Cas. Ins. Co. v. Federal Crop Ins. Co.*, 440 F.3d 992, 999 (8th Cir. 2006); *see* 42 U.S.C. § 1997e(a) ("No action shall be brought… until such remedies as are available are exhausted.") The Supreme Court in *Jones v. Bock*, decided that the PLRA, which is also silent on the question of whether the exhaustion requirement was an element or an affirmative defense, created an affirmative defense that a Plaintiff was not required to plead or prove. *Jones v. Bock*, 549 U.S. 199, 212 (2007). The Supreme Court explained that exhaustion has historically been treated as an affirmative defense and the Federal Rules treat it as such. *Id.* Courts should not depart from the practice of treating exhaustion requirements as affirmative defenses without express Congressional guidance that the requirement is jurisdictional or an element of a cause of action. *Id*.

[2] The court may take judicial notice of facts outside of the pleadings that are a matter of public record or "reports of administrative determinations," without converting a motion to dismiss into a motion for summary judgment. See *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010); *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943,955 (9th Cir. 2008).

[3] If Plaintiff's request for director level review was timely, then ALJ Pyrz's determination took place after filing of this action. *See* 7 C.F.R. § 11.9(a)(1).

Plaintiff's complaint will be dismissed.

Defendants present no authority for the proposition that Plaintiff's claim should be dismissed with prejudice. Indeed, now that the administrative review process has concluded in a final determination, the Court finds no barrier to Plaintiff bringing a new action in compliance with the requirement that no action be brought prior to exhaustion. *See* 7 U.S.C. § 6912(e). Nevertheless, Plaintiff's claim should be dismissed without prejudice and this action closed. Plaintiff instituted this action before exhausting administrative appeal procedures in violation of section 6912(e). The fact that Plaintiff has now exhausted those procedures does not cure the original error. *See McNeil v. United States*, 508 U.S. 106, 112-113 (1993) (dismissing an action instituted prior to complying with FTCA requirements despite the requirements having been met at the time of the dismissal); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (dismissing a prisoner civil rights action instituted prior to exhaustion despite the exhaustion requirement having been met at the time of the dismissal).

## IV. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is GRANTED. Plaintiff's remaining claim is DISMISSED without prejudice to filing of a new action; (Doc. 26) and
2. All remaining motions are DENIED as moot. (Doc. 29.)

The Clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated: February 9, 2018

SENIOR DISTRICT JUDGE