# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| TIMOTHY CLEVELAND, | CASE NO. 1:16-cv-01732-AWI-SAB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING "MOTION FOR ORDER TO PROCEED ADMINISTRATIVE PROCEDURE – CASE DEVO"** |
| THOMAS C. HUNTON, OSCAR GONZALES, CARL MARTIN-RUIZ, THOMAS VILSACK, | (Doc. No. 35) |
| Defendants. | |

Before the Court is Plaintiff Timothy Cleveland's motion titled "Motion for Order to Proceed Administrative Procedure – Case De Novo." Doc. No. 35. For the following reasons, the motion will be denied.

## **BACKGROUND**

Cleveland, proceeding pro se and in forma pauperis, filed his original complaint on November 16, 2016. See Doc. No. 1. The complaint alleged that Cleveland had been subjected to discrimination by government actors, including employees of the United Stated Department of Agriculture ("USDA"). The complaint named Thomas Hunton, Oscar Gonzales, Carl Martin-Ruiz, and Thomas Vilsack as defendants. According to the complaint, Hunton was a senior loan officer with the Farm Service Agency ("FSA"); Gonzalez was the State Executive Director in California; Martin-Ruiz was the Assistant Secretary for Civil Rights; and Vilsack was the Secretary of Agriculture.

1    Cleveland's complaint was screed by the Magistrate Judge pursuant to 28 U.S.C. § 1915(e)(2), and the Magistrate Judge determined that the complaint failed to state a claim upon which relief may be granted. See Doc. No. 6. The Magistrate Judge granted Cleveland thirty days to file an amended complaint to cure, if possible, the failures of the complaint.

Cleveland then filed his first amended complaint on February 2, 2017. See Doc. No. 10. The first amended complaint was screened by the Magistrate Judge, and the Magistrate Judge determined that the first amended complaint failed to state a claim upon which relief may be granted. See Doc. No. 11. The Magistrate Judge granted Cleveland thirty days to file an amended complaint to cure, if possible, the deficiencies in the first amended complaint.

Cleveland then filed his second amended complaint on March 14, 2017. One of the factual allegations in the second amended complaint was that Cleveland obtained a loan from the FSA in 2014 and afterwards the FSA accelerated the loan. The second amended complaint alleged violations of the Equal Credit Opportunity Act, 15 U.S.C §§ 1691 et seq.; the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq.; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; Executive Orders 12875 and 12898; the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321 et seq.; the Tucker Act, 28 U.S.C. § 1491; and the Takings Clause of the Fifth Amendment. See Doc. No. 12. The second amended complaint also sought "a determination that the allegations in [the second amended] complaint are appropriate to forward to the Federal Claims Court under the Takings Clause of the Fifth Amendment." Id. at 1.

The second amended complaint was screened by the Magistrate Judge, and the Magistrate Judge issued findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. The Magistrate Judge recommended that all of Cleveland's claims be dismissed without leave to amend for failure to state a claim, with the exception that Cleveland's declaratory relief claim under the Administrative Procedure Act against Hunton in his official capacity may proceed with respect to the government's decision to accelerate Cleveland's 2014 loan. See Doc. No. 13.

Cleveland filed objections to the Magistrate Judge's findings and recommendations. See Doc. No. 14. In the objections, Cleveland requested appointment of counsel. The Court then conducted a de novo review of this case, including Cleveland's objections, and determined that the

findings and recommendations were supported by the record and proper analysis.  See Doc. No. 15.  The Court adopted the findings and recommendations in full and denied Cleveland's request for appointment of counsel.  Consequently, Cleveland's only surviving claim was the declaratory relief claim under the Administrative Procedure Act against Hunton in his official capacity with respect to the government's decision to accelerate Cleveland's 2014 loan.  The Court did not determine that Cleveland's claims were appropriate to forward to the Court of Federal Claims.

Cleveland filed an objection to the Court's order adopting the findings and recommendations and denying Cleveland's request for appointment of counsel.  See Doc. No. 17.  In his objection, Cleveland requested an order compelling discovery.  The Court construed Cleveland's objection as a motion for reconsideration of the Court's denial of Cleveland's request for appointment of counsel.  See Doc. No. 18.  The Court denied Cleveland's objection, and the Court also stated that Cleveland's request for an order compelling discovery was procedurally improper.  Id.

Hunton then filed a motion to dismiss Cleveland's only surviving claim for declaratory relief, arguing that the claim was instituted before Cleveland had exhausted his administrative remedies.  See Doc. No. 26-1.  Cleveland did not file an opposition to Hunton's motion to dismiss, but Cleveland did file a motion titled "Motion to Vacate Defendant's of Representation of Federal Employee by Department of Justice."  See Doc. No. 29.

On February 12, 2018, the Court issued an order granting Hunton's motion to dismiss because Cleveland instituted this case before exhausting his administrative remedies.  See Doc. No. 33.  In the order, the Court stated that although Cleveland instituted this case before exhausting his administrative remedies, it appeared that the administrative remedies had since been exhausted.  With that in mind, the Court stated that "now that the administrative review process has concluded in a final determination, the Court finds no barrier to Plaintiff bringing a new action in compliance with the requirement that no action be brought prior to exhaustion."  Id. at 4:3-5.  Accordingly, the Court dismissed Cleveland's declaratory relief claim without prejudice.

The Court ordered the Clerk of Court to close this case, which the Clerk did, and the Court denied as moot Cleveland's "Motion to Vacate Defendant's of Representation of Federal

Employee by Department of Justice." Id. Judgement was issued on February 12, 2018, in accordance with the Court's order granting Hunton's motion to dismiss. See Doc. No. 34.

Four days later, on February 16, 2018, Cleveland filed a motion titled "Motion for Order to Proceed Administrative Procedure – Case De Novo," which is now before the Court. See Doc. No. 35. No opposition to the motion was filed.

## **PLAINTIFF'S MOTION**

*Plaintiff's Argument*

Cleveland's motion is difficult to decipher, and the motion does not clearly identify the legal basis upon which it is made or the relief that it seeks. Extracted from the motion are the following assertions. First, Hunton and John Oosterman, a chief loan officer, "executed a continuous scheme to discriminated with undue influence to deprive Plaintiff of due process clauses of the Fifth and Fourteenth Amendments," and Hunton and Oosterman violated the False Statements Accountability Act of 1996, 18 U.S.C. § 1001. Id. at 1. Second, the Office of the Assistant Secretary for Civil Rights did not refer complaints of discrimination and fraud to the Attorney General, and, therefore, the Attorney General did not investigate such complaints as required by 31 U.S.C. § 3730. Third, Hunton violated 18 U.S.C. § 43 and Hunton and Oosterman violated 26 U.S.C. § 7214. Fourth, Hunton and Oosterman "executed a scheme of concealment, and 'with intent to defeat the application of provision of this title fails to perform duties of his office or employment' 26 U.S.C. § 7214(a)(3), when they testified before the Administrative Judge in NAD Case No. 2016W000475." Id. at 3. Fifth, Hunton bears undue influence over this case and Cleveland's administrative case before the National Appeals Division of the USDA. Sixth, the Court never ruled on Cleveland's "Motion to Vacate Defendant's of Representation of Federal Employee by Department of Justice."

As for his requested relief, Cleveland states that he "moves" the Court "for an order to USDA National Appeals Division to proceed Case De Novo." Id. Cleveland also states that he "recommends court order NAD Administrative Judge proceed with corrective action that will cure Agency noncompliance with NAD Case No. 2015W000552 'Agency's Adverse Decision is

4

Erroneous', under current NAD Appeal Case No. 2018W000069 with modifications to reflect the current conditions of Plaintiff's poultry farm operation." Id.

*Discussion*

Cleveland's motion does not clearly identify the legal basis upon which it is made. Because the motion was filed four days after the Court granted Hunton's motion to dismiss and closed this case, perhaps the motion seeks reconsideration of that order pursuant to Fed. R. Civ. P. 60. To the extent the motion seeks reconsideration, Cleveland offers no compelling reason for reconsideration. See, e.g., Fed. R. Civ. P. 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (identifying valid reasons for a motion for reconsideration, including a finding of "extraordinary circumstances"). Cleveland raises and rehashes factual allegations and legal conclusions about certain government actors violating the law, much like he did in his second amended complaint. But Cleveland does not address the central issue that formed the basis of the Court's grant of Hunton's motion to dismiss, namely, that Cleveland instituted this case before he exhausted his administrative remedies. Nor does Cleveland argue that reconsideration should be granted for any of the reasons identified by Rule 60, such as mistake, newly discovered evidence, or fraud. Accordingly, the Court will not grant reconsideration.

To the extent the motion seeks Court intervention in Cleveland's administrative case with the USDA and the National Appeals Division, the Court is unable to discern exactly what intervention Cleveland seeks. Further, Cleveland has not presented the Court with a compelling reason for intervention, and the Court does not find a compelling reason to intervene. See Great Old Broads for Wilderness v. Kimbell, 709 F.3d 836, 846 (9th Cir. 2013) ("The exhaustion doctrine serves to permit administrative agencies to utilize their expertise, correct any mistakes, and avoid unnecessary judicial intervention in the process. The APA requires that plaintiffs exhaust available administrative remedies before bringing grievances to federal court . . . ."); Singh-Bhathal v. I.N.S., 170 F.3d 943, 947 (9th Cir. 1999) ("The agency should be free, even when it errs, to work out its own problems. The courts should not interfere with the job given to it until it has completed its work. The agency, as the tribunal of first instance, should be permitted to develop the factual record upon which decisions should be based. Like the trial court, the

agency should be given the first chance to exercise discretion and apply its expertness.")
(Kozinski, J., dissenting in part) (quoting Bernard Schwartz, Administrative Law § 8.30 (2d ed. 1984)).  Accordingly, the Court will not intervene in an administrative process between Cleveland and the USDA and National Appeals Division.

Cleveland's claims in this case have been dismissed.  This case is closed.  The Court previously informed Cleveland that "Defendants present no authority for the proposition that Plaintiff's claim [for declaratory relief under the APA against Hunton in his official capacity with respect to the acceleration of the 2014 loan] should be dismissed with prejudice.  Indeed, now that the administrative review process has reached a final determination, the Court finds no barrier to Plaintiff bringing a new action in compliance with the requirement that no action be brought prior to exhaustion."  Doc. No. 33.  Brining a new action does not mean filing a motion in this case, and Cleveland is advised to not use this case as a forum to litigate his dismissed claims.

Finally, Cleveland is mistaken in asserting that the Court never ruled on Cleveland's "Motion to Vacate Defendant's of Representation of Federal Employee by Department of Justice." In the Court's order granting Hunton's motion to dismiss and closing this case, the Court ordered that "[a]ll remaining motions are denied as moot," and in so doing, the Court specifically referenced Doc. No. 29, which is Cleveland's motion to vacate.  Doc. No. 33, at 4:18.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Cleveland's "Motion for Order to Proceed Administrative Procedure – Case De Novo" is DENIED.

IT IS SO ORDERED.

Dated:   September 26, 2018                    _____
                                                SENIOR DISTRICT JUDGE